912 F.2d 464
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Wayne GRANT, Defendant-Appellant.
 No. 89-5902.
 United States Court of Appeals, Fourth Circuit.
 Argued July 17, 1990.
Decided Aug. 30, 1990.
 
 Alton Bishop Prillaman, Jolly, Place, Fralin & Prillaman, P.C., Roanoke, Va. (Argued), for appellant.
 Kenneth Martin Sorenson, Assistant United States Attorney, Roanoke, Va. (Argued), for appellee; John P. Alderman, United States Attorney, Jennie L. Montgomery, Assistant United States Attorney, Roanoke, Va., on brief.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Kenneth Wayne Grant appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. Sec. 922(g)(1) and 924(a)(1)(B). Finding no error, we affirm.
 
 I.
 
 2
 Grant was indicted on three gun possession charges, each involving a different gun. At trial, Tammy Preston testified that she purchased and later gave to Grant, her boyfriend at the time, the gun which was the subject of Count II of the indictment. A police officer testified that at the time of the seizure of the Count II gun, Grant admitted that it was his. The officer also testified that Grant later came to the police station in an attempt to have the gun returned to him.
 
 
 3
 With regard to Count III, the subject of this appeal, the evidence at trial showed that the gun was seized by a city police officer on July 13, 1988, during a search of a van owned by one Posey Moyer. Just prior to the search, Grant had been seated in the driver's seat and Moyer was in the front passenger seat. The gun was discovered in plain view on the console between the two front seats. Convicted felons Grant and Mosey each denied ownership of the gun.[1]
 
 
 4
 Another former girlfriend of Grant, Cynthia Flood, testified that she bought the gun for herself during a period in 1987 when she and Grant were living together. She denied that she bought it for Grant or that he ever bought ammunition for it. She further testified that she had borrowed Moyer's van on the morning of July 13. She was never asked, however, whether she had the gun with her when she was using the van.
 
 
 5
 The owner of a local gun shop testified that he sold the gun in question to Cynthia Flood on September 28, 1987. Although he was uncertain as to some of the specific events surrounding the sale, the shop owner was certain that Grant was present when Flood purchased the gun.
 
 
 6
 The jury found Grant guilty on both Counts II and III.[2] The district court sentenced Grant under the Sentencing Guidelines to thirty months imprisonment. Grant appeals only his conviction on Count III.
 
 II.
 
 7
 On appeal, Grant's sole contention is that the evidence of his possession of the Count III gun was insufficient as a matter of law to sustain the verdict. We believe that under the established standards of review, there was sufficient evidence adduced at trial to uphold the jury's decision.
 
 
 8
 Grant does not now object to the following instruction given to the jury:
 
 
 9
 Now, the law recognizes two kinds of possession; actual possession and constructive possession.
 
 
 10
 A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, although not in actual possession, knowingly has both the power and the intent at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of the thing.
 
 
 11
 The law recognizes also that possession may be sole or joint.
 
 
 12
 Grant argues, however, that the evidence shows only mere proximity to the gun in Mosey's van, and that proximity, without more, is insufficient to show constructive possession.
 
 
 13
 In a challenge to a conviction based on sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). In assessing the sufficiency of the evidence, all reasonable inferences arising from the evidence must also be viewed in this light. United States v. Laughman, 618 F.2d 1067, 1076 (4th Cir.), cert. denied, 447 U.S. 925 (1980). Evidence of constructive possession of a weapon need not "remove every possible hypothesis except that of guilt." United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.), cert. denied, 414 U.S. 866 (1973). With these principles to guide our review, we readily conclude that the district court did not err in denying Grant's motions for acquittal for insufficient evidence.
 
 
 14
 "Constructive possession exists when a defendant exercises, or has the power to exercise, dominion and control over an item." Laughman, 618 F.2d at 1077 (citations omitted). There is no doubt that Grant had the "power to exercise ... dominion and control" over the gun lying next to him in the van. The direct evidence that he admitted ownership of the Count II gun, which was purchased by Ms. Preston, and that he accompanied Ms. Flood to the gun shop, clearly justifies an inference that Ms. Flood bought the Count III gun at Grant's behest. The defense's theory, that Flood left the gun in the van after she had borrowed it earlier in the day of the seizure of the Count III gun, is indeed a possible inference as well. But it is not the only one, and it is not our task to compare competing theories of what the evidence shows to determine which is the more logical or reasonable. Instead, we must only determine whether any reasonable jury could have found, beyond a reasonable doubt, that Grant possessed the gun discovered next to the seat which he had vacated only moments earlier. We find that the evidence was sufficient to support the jury's conclusion.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 Moyer was convicted on drug charges arising out of the seizure of cocaine during the search
 
 
 [2]
 At the close of the government's case, the district court granted Grant's motion for acquittal on Count I. Motions for acquittal on Counts II and III were denied